IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> OLIVER LEE WHITE, <br><br> Defendant. | CR 12-40-BLG-DWM <br><br> ORDER |

**BACKGROUND**

Procedurally, this case is a mess. The chicken and egg conundrum of evaluation and responsibility exists in part because reasonable efforts were made by the parties to accommodate the special needs of Oliver White. He is not in custody. He is living with an aunt who has the responsibility to make sure he complies with the conditions set for his release, and he is subject to electronic monitoring. The government initially dismissed charges against White based on the pathetic facts that gave rise to his indictment. That plan collapsed when White

-1-

was allowed access to female children, and he allegedly molested them leading to the present case. A medical determination ordered by Judge Cebull determined that White was incapable of assisting in his own defense, and on further examination it was determined that he was incapable of rehabilitation to the point of understanding the proceedings or assisting in them or in his own defense.

The most recent psychiatric evaluation of White was filed on June 24, 2013, finding that White is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, and there is not a substantial probability that his competency will be restored in the foreseeable future. (Doc. 85).

Noticeably absent from the most recent examination of Defendant is any discussion or indication of whether his release would create a substantial risk of bodily injury to another or serious damage to property of another, *and* that suitable arrangements for state custody and care of the person are unavailable. The government seeks a third evaluation of White to make the determination that, in my view, should have been a part of the 18 U.S.C. § 4241(d) evaluation. The government takes the position that in order to make a determination of dangerousness, the Court needs to order the Federal Medical Center to provide an

evaluation to determine if White poses a substantial risk of bodily injury to another person or serious damage to property of another. This makes little sense to me in light of the statutory scheme and the evaluations that have already been completed.

## ANALYSIS

The Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-47, does not seem to have contemplated what procedure a district court must follow after a defendant has completed his four-month period of hospitalization under section 4241(d), if (1) the facility in which the defendant was hospitalized finds there is no substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed; and (2) the director of the facility has not filed a certificate pursuant to section 4246(a), based on a 4241(d) commitment, stating that the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another *and* that suitable arrangements for state custody and care of the person are not available.

Here, the question is what procedure should be followed when the director of the facility, in which defendant was hospitalized under section 4241(d), did not file a certificate under section 4246(a), and the defendant has been released from

the custody of that facility, albeit under accommodation arrived at by the parties and the court given the fragile condition of White mentally and physically and his obvious incapacities. The statute is silent as to whether the director is to make the risk determination without a court order or whether the director must be asked or ordered to make that preliminary determination, which, according to the statute, must be made while the defendant is still in the custody of the facility. No case addresses this issue other than to conclude that the director of the facility has the initial burden of making the necessary determinations of whether defendant's release would pose a substantial risk of danger to society and whether an appropriate state facility would accept the defendant. See *United States v. Baker*, 807 F.2d 1315, 1324 (6th Cir. 1986).

According to *United States v. Baker*, 807 F.2d 1315 (6th Cir. 1986), without the filing of the appropriate certificate by the director of the facility in which the defendant is hospitalized, the district court has no authority to hold a section 4246(a) commitment hearing. In *Baker*, the district court held a hearing at which time it concluded that the defendant was to remain in the custody of the Attorney General pursuant to section 4246 because he was suffering from a mental disease or defect and his release would create a substantial risk of bodily injury to another

person. Nonetheless, the Sixth Circuit found that the trial court had no authority to sua sponte follow the procedure it did.

Sections 4241(d)(2)(A), 4241(d)(2)(B) and 4246(a) of Title 18 contemplate dismissal of the pending case because White has been hospitalized for a reasonable period of time and there is not a substantial probability that an additional period of hospitalization will permit the proceedings to go forward. The pending charges against White can be disposed of according to law solely for reasons related to his mental condition, pursuant to sections 4241(d)(2)(B) and 4246(a). At that point, White is subject to the provisions of sections 4246 and 4248. Even if the government moved to dismiss the Indictment, the Court still has jurisdiction to order an evaluation for certificate under section 4246(a). *See United States v. Godinez-Ortiz*, 563 F.3d 1022 (9th Cir. 2009).

It is not reasonable to infer that the lack of a certificate filed by the director of the Federal Medical Center is a medical determination of the staff of that facility that White's release would create a substantial risk of danger to others or to their property. Nor is the contrary true. The director can file the certificate only if he certifies two things: (1) that White is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property to another and (2)

that suitable arrangements for state custody and care of White are not available. The director of the Federal Medical Center was not asked to make a determination of dangerousness while White was hospitalized in that facility pursuant to section 4241(d) and, if appropriate, to file a certificate pursuant to section 4246(a). However, nothing in section 4246(a) states or implies that the director of the facility must be ordered by the Court to perform his statutory burden of making the preliminary determination of dangerousness while the defendant is in the custody of the facility. Furthermore, the Government did not request the Federal Medical Center to offer an opinion with respect to dangerousness and, if appropriate, to file a certificate under section 4246(a) while White was still in the custody of that facility.

The prudent and expedient procedure to follow here is to order White into the custody of the Attorney General for a limited evaluation in consideration of testing and evaluations done to date, to determine whether, pursuant to 18 U.S.C. § 4246(a), White is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

If White is found to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another

person or serious damage to property of another, the director of the facility must make a determination as to whether suitable arrangements for State custody and care of White are available. If a determination is made that suitable arrangements for State custody and care are available, the Attorney General is required to follow the statutory procedures set forth in 18 USC § 4246(d) and the director of the facility shall report those options to the Court.

If a determination is made that suitable arrangements for State custody and care of the person are not available, the director of the facility shall transmit a certificate to the Clerk of Court, in accordance with 4246(a). The Clerk shall send a copy of the certificate to White and his counsel, and to the attorney for the Government. A certificate filed under 4246(a) will stay further release of White pending completion of the statutory requirements and hearings.

After completion of the evaluation and report to the Court, if necessary, another hearing, pursuant to the provisions of section 4247(d) will be ordered.

White must self-surrender to the facility upon designation by the BOP. The facility must be a suitable facility closest geographically to the State of Montana. White's family is responsible for his transportation to the facility. Arrangements for White's transportation from the facility will need to be determined after conclusion of the evaluation and determination on whether a certificate is filed

under 4246(a). The determination of dangerousness must be completed within thirty (30) days of White's arrival at the designated facility. The BOP must make the facility designation within twenty (20) days of the date of this order.

Consistent with the previous orders in this case, in order to assist White in maintaining contact with his family, the Bureau of Prisons shall establish a contact person upon White's arrival at the facility so that Defendant's family is able to speak with the contact person and monitor White's condition on a regular basis. The Bureau of Prisons shall assist White in establishing and executing telephone contact with his family in a manner consistent with their policies and procedures.

Dated this 25th day of July, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT